IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| G.E.S., S.L.D., T.A.M., N.R.T., R.A.T., and K.J.T.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FLORISSANT<br><br>and<br><br>JULIAN ALCALA,<br><br>Defendants. | Civil Action No. 4:24-cv-1412-JSD<br><br>Lead Case |

### ORDER CONSOLIDATING CASES

Before the Court is Defendant City of Florissant, Missouri's Unopposed Motion to Consolidate Cases for Purposes of Discovery (the "Motion") (Case No. 4:24cv1412, ECF No. 13). Upon consideration of the Motion, the Court having reviewed the pleadings filed by Plaintiffs G.E.S., S.L.D., T.A.M., N.R.T., R.A.T., K.J.T., John Doe 2, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe, Julie Doe (collectively, "Plaintiffs"), Fed. R. Civ. P. 42(a), and the Manual for Complex Litigation, it is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED**.

### BACKGROUND

In their First Amended Complaint, Plaintiffs S.L.D., T.A.M., G.E.S., N.R.T., R.A.T., and K.J.T. summarized the background facts in support of the cases at issue:

> During traffic stops Defendant Officer Julian Alcala took each Plaintiffs' cell phones back to his patrol car, (ostensibly to check on their insurance), and then

1

used his phone to take pictures of photos they had of themselves on their phones, unclothed. He observed those photos himself, and, on inference, distributed the photos to others. On inference, and subject to discovery, the City [of Florissant] was the cause of those acts through unconstitutional hiring, retention, and supervision of Alcala, and through the unconstitutional allowing of such conduct to become the City's custom and practice. There are approximately 21 victims.

(Case No. 4:24cv1412-JSD, ECF No. 11, ¶ 1) Plaintiffs allege claims under 42 U.S.C. § 1983 for individual liability against Defendant Alcala and municipal custom liability under *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978) and/or failure to instruct, train, supervise, control and/or discipline against Defendant City of Florissant.

At the time of this Order, four cases against Alcala and the City of Florissant are pending in this District:

1. *G.E.S. v. City of Florissant, et al*, No. 4:24-cv-1412-JSD;

2. *John Doe 2 et al. v. City of Florissant, et al.,* No. 4:24-cv-1445-JSD;

3. *Jane Doe  v. City of Florissant, et al.*, No. 4:24-cv-1528-JSD;

4. *Julie Doe City of Florissant, et al.*, No. 4:24-cv-1571-JSD  (collectively, the "Related Cases")[1]

Defendant City of Florissant filed the instant Unopposed Motion to Consolidate Cases for Purposes of Discovery (ECF No. 13), arguing all four cases are substantially similar and appropriate for coordination of pretrial proceedings pursuant to E.D.Mo. L.R. 4.03[2] and Fed. R. Civ. P. 42(a). All Plaintiffs' counsel and counsel for Defendant Alcala consent to the requested coordination of pretrial proceedings. (4:24cv1412-JSD; ECF Nos. 17, 18; 4:24cv1445-JSD; ECF No. 18; 4:24cv1528-JSD, ECF No. 11; 4:24cv1571, ECF No. 13)

---

[1] Notably, all parties have consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636.
[2] Local Rule 4.03 provides: "A party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number."

**LEGAL STANDARD**

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  A district court has broad discretion in determining whether to order consolidation.  *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).  "The threshold issue is whether the proceedings involve a common party and common issues of fact or law.  The mere existence of common issues, however, does not mandate that the cases be joined." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11CV44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (citation omitted).  "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).  The purpose of consolidation is to promote convenience and economy in the administration of actions.  *Saettele*, 21 F.3d at 235 (citation omitted).  However, consolidation is not appropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HEE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

**DISCUSSION**

As an initial matter, the Court finds that the four cases have common parties as the separate actions assert claims against the same defendants: Officer Julian Alcala and the City of Florissant.

The Court also finds that all four cases present common issues of fact and law. All four cases make similar factual allegations and assert the same or similar causes of actions on behalf of various individual plaintiffs whose phones were seized during vehicle stops by Alcala. The parties assert that issues regarding insurance coverage and City policies are also common to all claims. Finally, the parties contend that consolidation will promote judicial economy, as well as facilitate document production and prevent duplicative efforts in discovery.

Based on these factors, the Court finds that coordination of pretrial proceedings in these four cases is appropriate and judicial economy is best served by coordinating pretrial proceedings before a single judge. All of the cases involve common issues of fact regarding Alcala's purported unconstitutional searches of Plaintiffs' phones and seizures of their photos while he was employed by the City of Florissant. These cases will clearly involve similar questions of law related to the City of Florissant's policies and potential *Monell* liability. Lastly, and significantly, no party will be unfairly inconvenienced or prejudiced as all cases are at the same stage in litigation, all counsel consent to pretrial coordination, and Defendants are represented by the same counsel in all four cases.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Florissant, Missouri's Unopposed Motion to Consolidate Cases for Purposes of Discovery (Case No. 4:24cv1412, ECF No. 13) is **GRANTED**. Pursuant to E.D.Mo. L.R. 4.03 and Fed. R. Civ. P. 42(a), the following related cases are consolidated before this Court for purposes of discovery only: *G.E.S. v. City of Florissant, et al*, No. 4:24-cv-1412; *John Doe 2 et al. v. City of Florissant, et al.,* No. 4:24-cv-1445; *Jane Doe v. City of Florissant, et al.*, No. 4:24-cv-1528; and *Julie Doe City of Florissant, et al.*, No. 4:24-cv-1571 (collectively, the "Related Cases")

**IT IS FURTHER ORDERED** that to ensure consistent and efficient adjudications in this Court, all future filings *other than pleadings as defined in Rule 7(a) of the Federal Rules of Civil Procedure* should be made in this case, Case No. 4:24-cv-1412-JSD, which is designated as the "Lead Case," and should only reference the case number of the Lead Case. Pleadings as defined in Rule 7(a) should be filed only in the individual (original) case file.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Order in the Lead Case and in each of the Related Cases.

**IT IS FURTHER ORDERED** that, for any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar alleged operative facts as the Related Cases, Plaintiff(s) and Defendants shall file a Motion to Consolidate with the Lead Case.

**IT IS FINALLY ORDERED** that the Related Cases shall be consolidated with the Lead Case until the close of discovery at which point the cases will be unconsolidated for dispositive motions and trial.

IT IS SO ORDERED.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of December, 2024.