UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| G.E.S., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 4:24-cv-01412-JSD |
| | ) |
| CITY OF FLORISSANT, | ) (Consolidated with 4:24-cv-01445, 4:24-cv-01528, and 4:24-cv-01571) |
| | ) |
| And | ) |
| | ) |
| OFFICER JULIAN ALCALA, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Defendant City of Florissant, Missouri, has filed an Unopposed Motion to Stay Proceedings (for discovery purposes) and for Extension of Time to Answer or Otherwise Respond ("Motion to Stay"; ECF No. 24). For the reasons stated herein, the Court grants the Motion to Stay.

## **BACKGROUND**

The respective plaintiffs in the consolidated cases[1] (referred to collectively as "Plaintiffs") have sued the City of Florissant, Missouri ("City"), and former police officer Julian Alcala ("Mr. Alcala"). The allegations are that Mr. Alcala, at different times in early and mid-2024, conducted vehicle traffic stops of Plaintiffs. Plaintiffs have each essentially alleged that Mr. Alcala took their cell phones and either transmitted an explicit video from a cell phone to his cell phone, or took

---

[1] The plaintiffs in 4:24-cv-01412-JSD are S.L.D., T.A.M., G.E.S., N.R.T., R.A.T., and K.J.T.
The plaintiffs in 4:24-cv-01445-JSD are Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, and John Doe 2.
The plaintiff in 4:24-cv-01528-JSD is Jane Doe.
The plaintiff in 4:24-cv-01571-JSD is Julie Doe.

photographs on his cell phone of explicit photographs on the respective Plaintiffs' phones. Plaintiffs allege that they have been harmed by this conduct under various theories of law. Plaintiffs purport to raise allegations against City under 42 U.S.C. § 1983 and *Monell*,[2] pertaining to Mr. Alcala's alleged conduct.

Notably, on November 13, 2024, a Grand Jury charged Mr. Alcala by Indictment with violation of 18 U.S.C. §1519 in Count One and violations of 18 U.S.C. §242 in Counts Two through Twenty-One. *See* Cause No. 4:24-CR-594-HEA-SRW (hereinafter, "Criminal Action"). This case remains pending in the United States District Court, Eastern District of Missouri.

On December 23, 2024, Defendant City of Florissant, Missouri filed the Stay, which was unopposed. (ECF No. 24) On January 13, 2025, the Court held a hearing on the Motion to Stay, where all counsel confirmed that the Motion to Stay was unopposed.[3]

### STANDARD OF REVIEW

A federal district court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Armstrong v. Mille Lacs Cty. Sheriffs Dept.*, 112 F.Supp.2d 840, 843 (D. Minn. 2000) (citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254–55 (1936)). Although a stay of civil proceedings pending the outcome of criminal proceedings is not required, *see SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)), "[a] stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[3] In addition, the deadline for the parties to file any opposition has passed and no response has been filed. *See* E.D.Mo. L.R. 4.01(B).

2

818, 823 (8th Cir. 1993); *see United States v. Kordel*, 397 U.S. 1, 12 n.27(1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action ..."); *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 759 (D. Minn. 2018).

The Eighth Circuit in *Koester* cautioned that "a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Koester*, 11 F.3d at 823. Rather, "to warrant a stay, [the] defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Id.* (citing *Anglada v. Sprague*, 822 F.2d 1035, 1036–37 (11th Cir. 1987)). The Fifth Amendment does not always require a stay of a civil case until factually related criminal proceedings are concluded, and such a stay "has been characterized as an extraordinary remedy." *Aldridge v. City of St. Louis, Missouri*, No. 4:18-CV-1677 CAS, 2020 WL 223928, at *3 (E.D. Mo. Jan. 15, 2020) (quotation marks omitted). "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980); *accord Kozlov v. Associated Wholesale Grocers, Inc.*, No. 4:10-cv-03211, 2011 WL 3320972, at *2 (D. Neb. Aug. 2, 2011); *S.E.C. v. Brown*, No. CIV. 06-1213PAMJSM, 2007 WL 4192000, at *2 (D. Minn. July 16, 2007), *aff'd*, No. CIV. 06-

3

1213JRTFLN, 2007 WL 4191998 (D. Minn. Nov. 21, 2007); *Gaydos v. Gully Transportation, Inc.*, No. 4:21-CV-388-SPM, 2022 WL 1501973, at *2 (E.D. Mo. May 12, 2022).

In addition to Fifth Amendment implications, the Court may consider five additional factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Ruszczyk*, 349 F. Supp. 3d at 759–60 (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995)); *see also Gaydos*, 2022 WL 1501973, at *3 (noting that, although the Eighth Circuit has not identified specific factors for Courts to consider in determining whether to grant a stay, district courts in the Eighth Circuit have frequently applied the factors forth by the Ninth Circuit in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995)).

## DISCUSSION

Initially, the Court finds that there is no manner for the civil action to proceed without compromising Mr. Alcala's rights in the Criminal Action. Mr. Alcala cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible.

Further, the Court finds the five factors previously identified in *Keating* weigh in favor of a stay. This Court finds that a stay would cause minimal prejudice to Plaintiffs with respect to evidentiary concerns. The Criminal Action may reduce the scope of discovery in these consolidated proceedings, and evidence gathered during the criminal prosecution may potentially later be used in these proceedings. Moreover, Mr. Alcala's attorney has indicated that he will

4

invoke his Fifth Amendment right against self-incrimination while the Criminal Action is pending and, consequently, Plaintiffs would be unable to obtain any information from Mr. Alcala during that time.

Conversely, the burden on Mr. Alcala if these proceedings were not stayed is substantial. Mr. Alcala would be "forced to respond to discovery. . . with the choice of whether to claim or waive privilege against self-incrimination." *Ruszczyk*, 349 F. Supp. 3d at at 761 (internal quotations and citations omitted). This discovery could expose the basis of Mr. Alcala's criminal defense in advance of trial, burdening his strategies and tactics. *See id*. He also has an interest in "avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case." *Id.* at 762 (internal quotations and citations omitted).

The burden on the City if these proceedings were not stayed is also significant. Mr. Alcala's assertion of his right against self-incrimination will likely deprive the City of information critical to its own defense on the merits where liability rests on a link between the City's policies and Mr. Alcala's actions. *See id.* The City would have to investigate Mr. Alcala's observations and conduct to evaluate its defenses. If Mr. Alcala were to invoke his Fifth Amendment right, the City would not have access the information known to Mr. Alcala. As the City has no control over whether Mr. Alcala raises his Fifth Amendment right, the City would be burdened by Mr. Alcala's failure to participate and, accordingly, the City's ability to engage in discovery and defend itself. *See id.*

A stay in this matter would conserve judicial resources, particularly given the overlap between the Criminal Action and these proceedings. The discovery produced in the Criminal Action would likely be relevant to and discoverable for these proceedings. *See id.* at 764. The Criminal Action could simplify the parties' positions in this matter. *See id.* With periodic Status

5

Reports to be filed by counsel for Mr. Alcala, "the Court would be able to make an informed decision as to whether to continue, modify, or end the stay." *Id.*

The indictment in the Criminal Action lists twenty confidential victims. There are fourteen Plaintiffs in these proceedings. There appear to be at least *some* unidentified non-parties the United States claims to have been victims to alleged conduct of Mr. Alcala. These individuals may or may not have any interest in the civil litigation. Any discovery regarding the accounts of these individuals may narrow the discovery in these proceedings. Further, parties in these proceedings may potentially attempt to contact these non-parties if their names and contact information are discovered. The United States may have an interest that these non-parties not be contacted, subpoenaed, or interviewed until the Criminal Action is complete.

Here,

> [t]he parties and the public will. . . be left in essentially the same position as they are now: with no explanation for the [alleged conduct]. Just as the Court, the parties, and the non-parties, the public has a paramount interest in preserving the indispensable linkage between justice and truth and fairness.

*Id.* at 766. The public has an interest in having the issues decided on a full factual record, which would be inhibited if these proceedings were to move forward with Mr. Alcala invoking the Fifth Amendment. *See id.* at 765–66. Therefore, the public interest factor weighs in favor of a stay as well.

For the foregoing reasons, the Court will stay these proceedings and order counsel for Mr. Alcala to provide the Court with a Status Report concerning the Criminal Action (Cause No. 4:24-cr-594) every sixty days and upon termination of the Criminal Action. The Court also finds the request for an extension of time to respond appropriate and with good cause, including because the Court anticipates that Mr. Alcala will likely raise the Fifth Amendment in an Answer. The

Court finds it appropriate that Defendants be given twenty-one days from the date of the order lifting the stay to respond to the respective complaints.

Nothing herein shall prevent the parties from discussing this case, informally, while the Stay is entered. Nothing herein shall prevent the parties from pursuing mediation, if there is an interest.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Florissant, Missouri's Unopposed Motion to Stay Proceedings (for discovery purposes) and for Extension of Time to Answer or Otherwise Respond (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the disposition of the Criminal Action (Cause No. 4:24-cr-594).

**IT IS FURTHER ORDERED** that counsel for Mr. Alcala shall file a Status Report on or before March 13, 2025, and every sixty days thereafter, as well as upon completion of the Criminal Action (whichever occurs first), to update the Court and the other parties regarding the criminal proceedings.

**IT IS FURTHER ORDERED** that Defendants shall respond to the respective complaints within twenty-one days from the date the Stay Order is lifted.

Dated this 13th day of January, 2025.

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE