IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| G.E.S., S.L.D., T.A.M., N.R.T., R.A.T., and K.J.T., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FLORISSANT <br><br> and <br><br> JULIAN ALCALA, <br><br> Defendants. | Civil Action No. 4:24-cv-1412-JSD <br><br> Lead Case |

**ORDER CONSOLIDATING CASES**

Before the Court is New Plaintiffs' Consent Motion to Consolidate with Lead Case (ECF No. 49). Upon consideration of the Motion, the Court having reviewed the pleadings filed by New Plaintiffs Jane Doe 8 and Jane Doe 9 (hereinafter, "New Plaintiffs"), Fed. R. Civ. P. 42(a), and the Manual for Complex Litigation, it is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED**.

**LEGAL STANDARD**

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party

and common issues of fact or law. The mere existence of common issues, however, does not mandate that the cases be joined." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11CV44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (citation omitted). "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)). The purpose of consolidation is to promote convenience and economy in the administration of actions. *Saettele*, 21 F.3d at 235 (citation omitted). However, consolidation is not appropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HEE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

## DISCUSSION

As an initial matter, the Court finds that New Plaintiffs' claims involve common parties as to the consolidated action: Defendants Officer Julian Alcala and the City of Florissant.

The Court also finds that New Plaintiffs' actions present common issues of fact and law as to the consolidated action. New Plaintiffs make similar factual allegations and assert the same or similar causes of actions on behalf of various individual plaintiffs whose phones were seized during vehicle stops by Alcala. The parties assert that issues regarding insurance coverage and City policies are also common in all claims. Finally, the parties contend that consolidation will promote judicial economy, as well as facilitate document production and prevent duplicative efforts in discovery.

Based on these factors, the Court finds that coordination of pretrial proceedings for the

2

New Plaintiffs is appropriate and judicial economy is best served by coordinating pretrial proceedings before a single judge. All of the cases involve common issues of fact regarding Alcala's purported unconstitutional searches of Plaintiffs' phones and seizures of their photos while he was employed by the City of Florissant.  These cases will clearly involve similar questions of law related to the City of Florissant's policies and potential *Monell* liability. Lastly, and significantly, no party will be unfairly inconvenienced or prejudiced as all cases are at the same stage in litigation, all counsel consent to pretrial coordination, and Defendants are represented by the same counsel in all four cases.

Accordingly,

**IT IS HEREBY ORDERED** that New Plaintiffs' Consent Motion to Consolidate with Lead Case (ECF No. 49) is **GRANTED** and these New Plaintiffs are added to the consolidated action in the lead case, i.e., *G.E.S. v. City of Florissant, et al*, No. 4:24-cv-1412;

**IT IS FURTHER ORDERED** that to ensure consistent and efficient adjudications in this Court, all future filings *other than pleadings as defined in Rule 7(a) of the Federal Rules of Civil Procedure* should be made in this case, Case No. 4:24-cv-1412-JSD, which is designated as the "Lead Case," and should only reference the case number of the Lead Case. Pleadings as defined in Rule 7(a) should be filed only in the individual (original) case file.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Order in the Lead Case and in **4:24-cv-01528-JSD**.

**IT IS FINALLY ORDERED** that 4:24-cv-01528-JSD shall be consolidated with the Lead Case until the close of discovery at which point the cases will be unconsolidated for dispositive motions and trial.

IT IS SO ORDERED.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 9th day of July, 2025.